DOMINIC MAURO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 80848

Memorandum filed December 29, 1954.

*Vincent Villano,* of New Haven, for the plaintiff.

*William L. Beers,* attorney general, and *Harry Silverstone,* assistant attorney general, of Hartford, for the defendant.

PHILLIPS, J. The claimant gave his employer notice that he would resign as of July 1, 1954; the employer hired a replacement June 16; on June 21 claimant decided that he would not take the job which he had in contemplation in New Jersey, and on June 23 he attempted to withdraw his resignation. The company told him his job was already filled and that they would not consider the withdrawal. He left his work on July 1, 1954.

The disqualification contained in General Statutes, § 7508(2)(a) (as amended, Cum. Sup. 1953, § 2313c), of a person who has left work without sufficient cause connected with his employment is in accord with the general theory of unemployment compensation laws, which is that compensation is to be provided for unemployment which is involuntary on the part of the employee. *Consiglio* v. *Administrator,* 137 Conn. 693, 696. If the claimant had actually left the employment to accept a better job, he would undoubtedly be ineligible for benefits during the statutory period, at least in the absence of a finding that his work was unsuitable because of the amount of remuneration or otherwise. *Consiglio* v. *Administrator,* supra. This was not the case. At the time he left the job, his leaving was not voluntary, it was involuntary. His status never ripened into that of a person who has voluntarily become unemployed.

The commissioner did not err in concluding on the facts found that the claimant was not ineligible for benefits under § 7508(2)(a). The appeal is dismissed.