195 So.2d 176 (1967)
Murley M. COTRIGHT, Plaintiff-Appellee,
v.
F. C. DOYAL, Jr., Administrator of Division of Employment Security Department of Labor, State of Louisiana and the Shreveport Club, Defendants-Appellants.
No. 10748.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1967.
*177 Marion Weimer, Melvin L. Bellar, and James A. Piper, Baton Rouge, for appellants.
Ike F. Hawkins, Jr., Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
The plaintiff herein, Murley M. Cotright, instituted this suit to obtain judicial relief from an administrative ruling by the Division of Unemployment Security of the State Department of Labor, which denied her claim for unemployment compensation. F. C. Doyal, Jr., Administrator of the Division of Unemployment Security of the Department of Labor and The Shreveport Club were named as defendants. The District Court reversed and directed the agency to recognize claimant's eligibility for unemployment benefits, from which decision defendants have appealed.
The record reveals no dispute as to the controlling facts as determined by the administrative agency. As found by the Board of Review, the facts are: The claimant worked for The Shreveport Club from June 17, 1957 to January 31, 1966. She was employed as a salad girl. The claimant has children living in California and she decided to leave her employment and move to California to live with her children and gave her employer notice on January 15, 1966 that she was leaving her employment effective January 31, 1966. On January 16, 1966 the claimant's aunt became ill and she decided not to leave Shreveport. On January 18, 1966 claimant advised her employer she was not leaving, but was informed that a replacement had already been hired. The claimant became unemployed on January 31, 1966.
The rights of plaintiff are regulated by the Louisiana Unemployment Compensation Act, LSA-R.S. 23:1471 et seq. which sets forth specifically the ground on which the agency held the employee was disqualified for benefits. LSA-R.S. 23:1601 provides:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment * * *."
In Lacombe v. Sharp, La.App., 99 So.2d 387 (2nd Cir. 1957) this court stated:
"Our appellate courts have repeatedly recognized that judicial review of the findings of the Board of Review of the facts as presented to it upon a claim for unemployment compensation is expressly restricted by legislative mandate, LSA-R.S. 23:1634, and that where fraud is not an issue the courts are concerned only with determining if the findings of fact *178 by the Board of Review are supported by evidence which can be found to constitute legal, competent and sufficient proof. This is to say that the courts may not invalidate the findings of fact by the Board of Review where supported by evidence entitled to judicial acceptance. It is equally clear, however, that where a court must ascertain the effect of the act, judicial responsibility embraces the question of whether such findings are indicative of a disqualification under the statute. The Louisiana Employment Security Act falls within a class of social and economic legislation which is remedial in its nature, and as such should be so interpreted by the courts as to extend its benefits as far as possible within the bounds imposed by expressed legislative restrictions." [99 So.2d 387, 388]
Our research has not disclosed Louisiana jurisprudence analogous to the case herein presented. Cases in Iowa, Connecticut and Pennsylvania which have come to our attention are pertinent. McCarthy v. Iowa Employment Security Commission, 247 Iowa 760, 76 N.W.2d 201, 204 (1956) decided by the Supreme Court of Iowa held that the words "* * * if he has left his work * * *" will be construed to mean "* * * if he has become unemployed." The court went further to point out that the interpretation so given was in accord with the provisions of the statute requiring the compulsory setting aside of reserves "for the benefit of persons unemployed through no fault of their own." The Superior Court of Connecticut in Mauro v. Administrator, Unemployment Compensation Act, 19 Conn.Sup. 362, 113 A.2d 866 (1954) considered an unemployment compensation case in which the claimant attempted to withdraw his resignation and the employer would not consider the withdrawal, advising claimant that his job was already filled. He left his work and presented his claim for benefits. In resolving the issue the court stated:
"The disqualification contained in General Statutes, § 7508(2)(a), as amended, Cum.Sup.1953, § 2313c, of a person who has left work without sufficient cause connected with his employment is in accord with the general theory of unemploy compensation laws, which is that compensation is to be provided for unemployment which is involuntary on the part of the employee. Consiglio v. Administrator, 137 Conn. 693, 696, 81 A.2d 351. If the claimant had actually left the employment to accept a better job, he would undoubtedly be ineligible for benefits during the statutory period, at least in the absence of a finding that his work was unsuitable because of the amount of remuneration or otherwise. Consiglio v. Administrator, supra. This was not the case. At the time he left the job, his leaving was not voluntary, it was involuntary. His status never ripened into that of a person who has voluntarily become unemployed." [113 A.2d 866, 867]
The particular question arose in the Superior Court of Pennsylvania in Soyster v. Unemployment Compensation Board of Review, 197 Pa.Super. 547, 180 A.2d 123 (1962). The reasoning of the court was:
"It is significant that appellant, having given two weeks' notice to quit, set in motion the process whereby arrangements were made for her replacement. We have recently held that a resignation voluntarily submitted could, under the circumstances, be relied upon by the employer notwithstanding a belated attempt to withdraw by the employe. Dykan v. Unemployment Compensation Board of Review, 197 Pa.Super. 153, 177 A.2d 160." [180 A.2d 123]
Thus the decisions above referred to present conflicting views on the single legal issue before this court with respect to which we have no precedent in Louisiana. It is not open to question that had claimant not retracted her resignation, she would not be eligible for compensation. LSA-R.S. 23:1601(1), 23:1634; Hargrove v. Administrator, Division of Employment Security, La.App., 166 So.2d 314, affirmed 247 La. 689, *179 174 So.2d 120, cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123. By retracting her notice of leaving, however, and remaining available and desiring to continue her employment we opine that her status was as one who did not voluntarily become unemployed, or stated somewhat differently, she never left her job until so directed by her employer.
Finding no error in the judgment from which appealed, it is affirmed.