292 So.2d 257 (1974)
PIGGLY WIGGLY OPERATORS' WAREHOUSE, INC., Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF EMPLOYMENT SECURITY, et al., Defendants-Appellees.
No. 12267.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for plaintiff-appellant.
Marion Weimer, James A. Piper and James A. McGraw, Baton Rouge, for State of La., Dept. of Employment Security, and Robert L. Wilson.
Before AYRES, BOLIN, and WILLIAMS, JJ.
AYRES, Judge.
This is an appeal from a judgment sustaining a decision of the Board of Review of the Department of Employment Security, upholding a finding that Robert L. Wilson was qualified for unemployment compensation benefits.
As found by the Board of Review, the facts are: That claimant, Wilson, an employee of Piggly Wiggly Operators' Warehouse, Inc., failed to report for work on July 1, 1972, and was suspended for three *258 days. Feeling that his excuse was valid and that he was unjustly treated, Wilson notified his superior on July 7, 1972, that he was giving two weeks' notice of his resignation. This information was relayed to the general manager. On Monday, July 10, Wilson was asked by his supervisor if he still was going to resign, and he affirmed his original notice. The general manager then gave him two weeks' pay, plus the time already due him, and let him go without working the two weeks. It was not the policy of the company for a man to continue his work after giving two weeks' notice.
The rights of the employee in the instant case are regulated by the Louisiana Unemployment Compensation Act, LSA-R.S. 23:1471 et seq., which specifically sets forth the grounds upon which the agency may hold an employee disqualified for the benefits prescribed by the statute. For instance, LSA-R.S. 23:1601 provides:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *"
The administrative agency found that Wilson was "discharged" from work and that his employment was terminated by the employer for good cause connected with his employment. Reliance was placed on the case of Cotright v. Doyal, 195 So.2d 176 (La.App., 2d Cir., 1967), wherein the claimant gave her employer two weeks' notice of her resignation on one day and changed her mind the next day. She was not given severance pay and, when she reported that she was not leaving work, she was informed that a replacement had been hired. It is significant to note Judge Gladney's language in that case:
"It is not open to question that had claimant not retracted her resignation, she would not be eligible for compensation. . . . ."
195 So.2d 176 at 178.
In the instant case, Wilson was given his severance pay and he never retracted his termination notice. The facts are that he applied for unemployment benefits on July 12, 1972, two days after he was given his severance pay. For this reason, this case is distinguishable from the Cotright case. Our language in that case, as quoted above, applies here. Wilson was not "fired" nor discharged from his employment; he resignedquit on his own accord. We find no statutory basis warranting the payment of unemployment compensation.
The judgment appealed is annulled, avoided, and set aside, and it is now decreed that claimant is disqualified for the payment of the unemployment benefits which he sought.
The defendant State of Louisiana, Department of Employment Security, is taxed with only such costs as are assessable against it. LSA-R.S. 13:4521.
Reversed and rendered.