**Carol L. LANGLEY, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD and Midwest Children's Christian Home, Appellees.**

**No. 91–1764.**

Court of Appeals of Iowa.

June 25, 1992.

Frank Cal Tenuta of Legal Services Corp. of Iowa, Sioux City, for appellant.

William C. Whitten and Joe E. Smith, Des Moines, for appellees.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

The petitioner, Carol Langley, was hired by Midwest Children's Christian Home (Midwest) in March 1989 as a youth worker. On August 7, 1990, Midwest received Langley's resignation to be effective on September 9, 1990. Although the exact date is disputed, sometime prior to its effective date Langley attempted to withdraw her resignation. Midwest refused to accept the withdrawal. Langley was separated from her employment on September 5, 1990.

Langley filed for unemployment compensation benefits but was disqualified. Langley appealed that decision. The administrative law judge ruled Langley voluntarily left employment without good cause attributable to her employer. The Employment Appeal Board affirmed the decision of the administrative law judge. That decision was in turn affirmed by the district court. This appeal followed.

Langley contends she is entitled to benefits because her employer's failure to accept her withdrawal of resignation made her separation involuntary. Langley alternatively argues even if she voluntarily left, she resigned for good cause attributable to her employer and is thus entitled to receive benefits. Finally, Langley asserts the agency misplaced the burden of proof in reaching its decision.

The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 916–17 (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). The fact two inconsistent conclusions can be drawn from the evidence does not mean one of those conclusions is unsupported by substantial evidence. *Id.*

An individual is disqualified from receiving unemployment benefits "[i]f the individual has left work voluntarily without good cause attributable to the individual's employer." Iowa Code § 96.5(1) (1991). The issue we must determine is whether an employee is considered to have voluntarily quit for purposes of eligibility for unemployment benefits when the employee resigns and the employer refuses to accept a subsequent withdrawal of resignation prior to its effective date. Iowa has not previously had occasion to answer this question. Other jurisdictions have addressed the question, however. *See* Francis M. Dougherty, Annotation, *Eligibility for Unemployment Compensation Benefits of Em-*

ployee Who Attempts to Withdraw Resignation Before Leaving Employment, 36 A.L.R.4th 395 (1985).

Generally, three approaches have been employed by the courts when addressing the issue. A minority has held the employer's refusal to accept the withdrawal of resignation renders the subsequent termination involuntary. Hence, the employee is entitled to compensation benefits. See, e.g., Mauro v. Administrator, 19 Conn. Supp. 362, 113 A.2d 866 (Super.Ct.1954); Cotright v. Doyal, 195 So.2d 176, 179 (La. App.1967). Pennsylvania has determined the employee is entitled to benefits if the employee can show the employer has taken no steps to replace her between the date notice was tendered and the date the employee attempted to withdraw notice. See, e.g., Treeter v. Commonwealth Unemployment Compensation Bd. of Review, 62 Pa.Commw. 70, 434 A.2d 919 (1981).

The majority has denied benefits holding there was a voluntary termination of employment notwithstanding the employer's refusal to accept the withdrawal of resignation. Thus, the employee is potentially disqualified from receiving benefits. Osterhout v. Evertt, 6 Ark.App. 216, 639 S.W.2d 539 (1982); Rabago v. Unemployment Ins. Appeal Bd., 84 Cal.App.3d 200, 207–08, 148 Cal.Rptr. 499, 504 (1978); Wright v. Department of Employment Servs., 560 A.2d 509, 512 (D.C.1989); Batts v. Review Bd. of Indiana Employment Sec. Div., 179 Ind.App. 405, 406, 385 N.E.2d 1174, 1176 (1979); Guy Gannett Publishing Co. v. Maine Employment Sec. Comm'n, 317 A.2d 183 (Me.1974); Nicholas v. Board of Review, 171 N.J.Super. 36, 407 A.2d 1254 (1979); Whicker v. High Point Pub. Schools, 56 N.C.App. 253, 287 S.E.2d 439 (1982).

We reject the Pennsylvania rule. An employer should not be burdened with proving it has taken steps to replace the employee in order to refuse the employee's request to withdraw her resignation and avoid being charged for benefits. Rabago, 84 Cal.App.3d at 207, 148 Cal.Rptr. at 504.

We also reject the minority rule. To require an employer to accept a withdrawal of a resignation at any time prior to its effective date in order to avoid being charged for compensation benefits unfairly burdens the employer. This is particularly true considering the employee is responsible for initiating the separation. The employer would be unable to hire a replacement or otherwise adjust his work force except at his peril subject to the wishes of an indecisive employee. Guy Gannett Publishing Co., 317 A.2d at 187.

We determine the majority rule is most consistent with sound business practice. In Rabago v. Unemployment Insurance Appeal Board the court stated a resignation severs the employment relationship on the date set by the resignation. Rabago, 84 Cal.App.3d at 207, 148 Cal.Rptr. at 504. An attempt to withdraw the resignation prior to that date is a request for reemployment. Id. The employer may choose "to return to status quo by rehiring the employee, or accepting a retraction of the notice." Guy Gannett Publishing Co., 317 A.2d at 187. However, the employer is not required to accept the employee's request to withdraw her resignation. Rabago, 84 Cal.App.3d at 205, 148 Cal.Rptr. at 504. Rather, the employer is entitled to rely on a notice of resignation from an employee and adjust his work force accordingly without the risk of being charged for compensation benefits if the employee decides to withdraw her resignation prior to its effective date.

We also determine the majority rule is most consistent with the intent of our unemployment statute. While the statute is to be construed liberally, its underlying purpose is to minimize the burden placed upon the employee who is unemployed involuntarily, through no fault of his or her own. See Iowa Code § 96.2 (1991); Welch v. Iowa Dep't of Employment Servs., 421 N.W.2d 150, 153 (Iowa App.1988). We cannot say Langley is unemployed through no fault of her own. It was her "own action of resignation which set in motion the chain of events which ultimately resulted in [her] unemployment." Osterhout, 6 Ark.App. at 218, 639 S.W.2d at 540.

The employee should assume the responsibility of making sure he knows what he is doing before he decides to take such

drastic action as giving the employer a notice to quit. The burden should rest with the employee who initiated the action by giving the initial notice and who in every real and practical sense is the moving party, try as he may to reverse the roles. It seems to us that it would be a distortion of reason and common sense to hold under these circumstances the employer is the moving party and that the severance of the employment was voluntary.

*Rabago*, 84 Cal.App.3d at 207–08, 148 Cal. Rptr. at 504.

We hold when an employee voluntarily resigns and the employer refuses to accept a subsequent withdrawal of resignation prior to its effective date, the employee is considered to have voluntarily quit for purposes of eligibility for unemployment benefits.

Langley alternatively argues even if she voluntarily left her employment, she is nevertheless entitled to receive unemployment benefits because she resigned for "good cause" attributable to her employer. Before we address Langley's alternative argument, we briefly discuss the burden of proof on this issue and whether the agency misplaced the burden as contended by Langley.

Once a claimant has met the basic eligibility conditions of section 96.4, the employer has the burden of proving claimant quit her job without cause attributable to her employer. *Des Moines Indep. Community School Dist. v. Department of Job Serv.*, 376 N.W.2d 605, 608 (Iowa 1985) (citing *Taylor v. Iowa Dep't of Job Serv.*, 362 N.W.2d 534, 541 (Iowa 1985)).

As with other issues of fact, we must show deference to the administrative fact finder, unless, as a matter of law, that fact finder was wrong. [A] reviewing court may not interfere with [the] findings of [the] administrative fact finder regarding burden of proof unless [the] finding was wrong as a matter of law. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 911 (Iowa 1987) (citing *Pohlman v. Ertl Co.*, 374 N.W.2d 253, 255 (Iowa 1985)).

In the present case, "there was no explicit assignment of the burden of proof to the wrong party, which we would be able to correct as a matter of law, nor was there any explicit finding as to who had the burden." *Id.* at 911. Rather, the administrative law judge found Langley voluntarily left her employment without good cause attributable to the employer within the intent and meaning of Iowa Code section 96.5(1). We find no reason, as a matter of law, to disturb the administrative finding on this issue.

Finally, Langley claims a reduction in her work hours and a disparity in pay between herself and a male coemployee constituted "good cause" attributable to her employer to resign. Our review of the record reveals there is substantial evidence in the record to support the agency finding that Langley left her employment without good cause attributable to her employer. Thus, Langley is not entitled to receive unemployment compensation benefits. We affirm the decision of the agency in all respects.

AFFIRMED.