# IN THE COURT OF APPEALS OF IOWA

No. 22-0187
Filed January 25, 2023

**SHARI M. HINTERMEISTER,**
    Petitioner-Appellant,

**vs.**

**EMPLOYMENT APPEAL BOARD,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Paul D. Miller, Judge.


Shari Hintermeister seeks judicial review of the agency decision denying her claim for benefits under pandemic unemployment assistance coverage. **AFFIRMED.**


Dan Feltes of Iowa Legal Aid, Iowa City, and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for appellant.

Rick Autry of the Employment Appeal Board, Des Moines, for appellee.


Heard by Bower, C.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Shari Hintermeister filed a claim for pandemic unemployment assistance coverage (PUA). She received benefits for the two-week period she was required to self-quarantine after a positive test result for COVID-19, but she was denied benefits outside that period. The denial was upheld by an administrative law judge and the Employment Appeal Board, and the district court on judicial review, all of which found that Hintermeister was not eligible for PUA under any of the applicable provisions. Reviewing this agency action within the confines of Iowa Code chapter 17A (2021), we affirm.

## I.       Background Facts and Course of Proceedings

On December 13, 2019, Hintermeister concluded a temporary work assignment through a Cedar Rapids staffing company. The assignment ended because Hintermeister had been covering for an employee who was on vacation and the employee returned. Three months later, in March 2020, the United States government declared a public-health emergency due to the COVID-19 pandemic. Hintermeister decided she should self-quarantine because of her age: seventy-two.

On November 22, 2020, Hintermeister tested positive for COVID-19 and self-quarantined for two weeks. Hintermeister filed a claim with Iowa Workforce Development (the agency) for PUA benefits, and she received payment for the two-week period of self-quarantine. But the agency denied the remainder of her claim, which sought PUA benefits for essentially all of 2020. Hintermeister appealed, claiming in part that her "health care adviser" told her that she should not work as a receptionist due to her "underlying health issues." Hintermeister's

sworn testimony before the administrative law judge identified this "adviser" as a "good friend" and "HR person," rather than a medical professional. Questioning from the administrative law judge revealed that Hintermeister did not have any health conditions that elevated her COVID-19 risk, other than age.

Based on the hearing testimony and exhibits, the administrative law judge made a finding that Hintermeister "has not been advised by a health care provider to self-quarantine" and affirmed denial of the PUA claim, except for the two weeks of self-quarantine following the November 2020 test result. Hintermeister appealed to the Employment Appeal Board, which affirmed the administrative law judge and upheld the denial of benefits.

Hintermeister subsequently sought judicial review by the district court. The district court affirmed the agency action, finding substantial evidence supported the conclusion that Hintermeister was not unemployed due to the pandemic and had not proven a health care provider advised her not to work during the pandemic.

This appeal follows.

## II.    Error Preservation

Error preservation is disputed between the parties, in part due to the comingling of issues in the appellant's briefs on appeal and below. "In cases involving judicial review of final action of an administrative agency, an issue must generally be presented to the agency to satisfy error preservation requirements." *Renewable Fuels, Inc. v. Iowa Ins. Comm'r*, 752 N.W.2d 441, 446 (Iowa Ct. App. 2008). To the extent Hintermeister asserts that the agency required "extrinsic evidence" of a health care provider's advice to self-quarantine, we find that issue unpreserved, as it was not argued or litigated at any point prior to appeal.

Moreover, we find no such ruling by the agency or the district court. To the extent Hintermeister asserts the agency ruled PUA benefits are only available to those whose "job loss was due to the pandemic," we also find that error unpreserved. In fact, Hintermeister received payments for the two weeks she spent in self-quarantine following her positive test result—a period that indisputably did *not* involve job loss due to the pandemic—and the Board concedes those benefits were appropriate.

We bypass any concern about error preservation that relates to the self-certification of eligibility because we conclude that, even accepted at face value, the self-certification would not affect the analysis of any issue presented. "Courts exist to decide cases, not academic questions of law." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015).

### III.    Standard of Review

A PUA claimant, like any other state unemployment claimant, has the burden of proof in making a claim. *See* Continued Assistance for Unemployed Workers Act of 2020 (CAA), Pub. L. No. 116-260, § 201(c), 134 Stat. 1182, 1951 (codified at 15 U.S.C. § 9021(c)(5)(A)–(B)); Iowa Code § 96.6(2); *see also* Iowa R. App. P. 6.904(3)(e) ("Ordinarily, the burden of proof on an issue is upon the party who would suffer loss if the issue were not established."). In reviewing agency action, "The agency's findings are conclusive when the facts are in dispute or when reasonable minds may differ on the inferences to be drawn from the evidence." *Harlan v. Iowa Dep't of Job Serv.*, 350 N.W.2d 192, 193 (Iowa 1984).

Our review on appeal, like the district court's below, is at law—not de novo. *Johnston v. Iowa Dep't of Transp.*, 958 N.W.2d 180, 184 (Iowa 2021). We review

whether the agency action is supported by "substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." *Id.* § 17A.19(10)(f)(1).

## IV.    Discussion

The legal framework for this case flows from a series of federal statutes passed during the height of the pandemic: the Coronavirus Aid, Relief, and Economic Security Act (CARES ACT), Pub. L. No. 116-136, 134 Stat. 281 (2020); CAA § 200; and the American Rescue Plan Act of 2021 (ARPA), Pub. L. No: 117-2, § 9011; 135 Stat. 4, 118. These statutes, generally speaking, provide benefits for persons who were unemployed, partially unemployed, or unable to work due to COVID-19. *See* 15 U.S.C. § 9021. There are numerous classes of persons eligible for benefits under the statutory framework. *See id.* The inquiries relevant to this appeal are whether the claimant

> is unemployed, partially unemployed, or unable or unavailable to work because:
> (aa) the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;
> . . .
> (ff) the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;
> (gg) the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency;
> . . . .

*Id.* § 9021(a)(3)(A)(ii)(I).

The Employment Appeal Board does not contest that Hintermeister properly received benefits under section 9021(a)(3)(A)(ii)(I)(aa) for the two weeks she self-quarantined following diagnosis. The fight is over the remainder of her claim, which she seems to claim turns on section 9021(a)(3)(A)(ii)(I)(ff) or (gg).

By its plain language, section 9021(a)(3)(A)(ii)(I)(ff) requires that the claimant have been "advised by a *health care provider* to self-quarantine." (Emphasis added.) Hintermeister's own testimony indicates it was her friend, an "HR person," who told her to self-quarantine—not a "health care provider" as required by the statute. While there is some ambiguous and vague suggestion in the record that an unidentified "doctor" may have made some statement to Hintermeister (possibly in June 2019, long before the pandemic), the agency resolved any arguable conflict in the evidence and implicitly determined the more credible evidence was Hintermeister's admission she was told to quarantine by her friend (the "HR person") and we are bound by such a determination. *See New Homestead v. Iowa Dep't of Job Serv.*, 322 N.W.2d 269, 271 (Iowa 1982). Our conclusion is supported by federal Department of Labor guidance, which specifies: "Without having been advised by a health care provider to self-quarantine, an individual who does not go to work due to general concerns about exposure to COVID-19, and who does not meet any of the other COVID-related criteria for PUA, is not eligible for PUA." Emp. & Training Admin., U.S. Dep't of Labor, Unemployment Insurance Program Letter No. 16–20, Change 1, Attachment I, at I-10 (Apr. 27, 2020), https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/

2020/UIPL_16-20_Change_1_Attachment_1.pdf. This guidance applies to administrator agencies, such as Iowa Workforce Development, the agency action at issue here. *See* 15 U.S.C. § 9032. Substantial evidence supports the agency determination on this ground, and we affirm that Hintermeister was not eligible for PUA under section 9021(a)(3)(A)(ii)(I)(ff).

Looking at the plain language of section 9021(a)(3)(A)(ii)(I)(gg), Hintermeister had to be "scheduled to commence employment" to make a claim under that subsection. There is no record evidence she was scheduled to work again after her vacation-fill-in job in December of 2019, and her lack of work between December and March suggests there was no intent to job-seek. Substantial evidence also supports this ground, and we affirm the denial of benefits under section 9021(a)(3)(A)(ii)(I)(gg).

Last, assuming without deciding that an issue related to allocation of burdens was adequately preserved, we reject Hintermeister's claim that she is owed relief on that basis. We would only be authorized to reverse if the allocation of burdens was erroneous as a matter of law, as evidenced by an "explicit assignment of the burden of proof to the wrong party." *Langley v. Emp. Appeal Bd.*, 490 N.W.2d 300, 403 (Iowa Ct. App. 1992) (citation omitted). Hintermeister identified no such explicit assignment and, even if she had, we believe the burden of proof was correctly assigned to her.

Finding no legal error, we affirm the district court's denial of Hintermeister's petition for judicial review of the underlying agency action denying her claim for PUA benefits beyond the two weeks following her positive COVID-19 test result.

**AFFIRMED.**