Calvin BATTS, Appellant (Petitioner Below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, Ralph F. Miles & J. Frank Hanley, II and R & S Plating Company, Appellees (Respondents Below).

No. 2–776A262.

Court of Appeals of Indiana, Second District.

Feb. 19, 1979.

Dennis W. Lopes and David F. Shadel, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Calvin D. Batts, Appellant-petitioner, appeals from the negative decision of the Employment Security Review Board alleging the decision is contrary to law. We affirm.

The relevant facts are not in dispute. Batts worked as a plater for R & S Plating Company from 1965 until August 4, 1975. When his request for three weeks' vacation was refused, he orally advised his employer that he "quit." He also so advised his foreman. Several minutes later, after his severance checks were prepared, Batts observed he was being paid for accrued vacation time of two weeks and three days. Batts then told his employer that he would not quit. However, his employer advised Batts that he was too late because he had already quit. Batts then told his fellow shop employees that he had quit, shook hands with his foreman, and left the plant.

The Board's findings and conclusions were:

> The Review Board finds that the claimant resigned voluntarily from his employment on or about August 4, 1975, after he had become involved in a dispute with the employer concerning the amount of vacation time due him.

> It further finds that claimant then attempted to rescind his resignation after he discovered that he was entitled to two weeks and three days of vacation, rather then (sic) a three weeks' vacation.

> The Review Board has consistently held that once an employee voluntarily submits a resignation to his employer, he cannot, at a later time, unilaterally rescind said resignation; therefore, the

Board must conclude that claimant left his work voluntarily and, further, that since claimant was in error concerning the amount of his vacation time, his voluntary leaving was without good cause in connection with work within the meaning of the Act.

Batts does not argue that his initial decision to resign was other than a "voluntary termination without good cause." Rather, he contends that when the employer refused to accept his retraction of his voluntary termination it became an "involuntary quit." Batts argues in favor of an employee's absolute right to retract a communicated decision to quit (1) within a reasonable time, (2) before the employer has suffered any harm or damage, and (3) provided the employee's employment is not otherwise in jeopardy. However, Batts fails to advance a compelling argument for adopting this position.

An at-will employment agreement, like any other contract, requires at least voluntariness and mutuality. When an offer to work or of work is made and accepted, the contract commences. Being at will, however, it can be unilaterally terminated by either party.[1] Once terminated, however, as it was here, a meeting of the minds is again required to establish an employment relationship. *Rogers v. Rogers,* (1919) 70 Ind.App. 659, 122 N.E. 778.

We emphasize that Batts at least tacitly concedes that he did quit initially, and that he did so voluntarily and without good cause. Under these circumstances, he did not have the right thereafter to change his mind and *unilaterally* bind his employer to a new contract of employment. As harsh as this result may be, nevertheless, one frequently bears the consequences for rash conduct.

Our responsibility on appeal is to determine whether the Board's decision in this regard is reasonable in light of its findings. *Cornell v. Review Bd. of Ind. Emp. Sec. Div.,* (1979) Ind.App., 383 N.E.2d 1102; *Osborn v. Review Bd. of Ind. Emp.*

*Sec. Div.,* (1978) Ind.App., 381 N.E.2d 495. We so find.

We likewise reject the contention made by Batts that his employer had the burden of showing he was discharged for just cause. This contention presupposes that Batts had an absolute right to retract his communicated decision to quit. Since we have determined, to the contrary, that Batts did not have the right to retract his resignation, once it was tendered and accepted, the burden in this case never shifted to the employer to show a discharge with just cause.

The Board's decision is affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concurs.

---

1. Unemployment compensation law does not affect the ability to terminate. Rather, it is the circumstances of the termination which deter- mine the posture of the respective parties under the provisions of the Indiana Employment Security Act.