LORI J. NICHOLAS, APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY AND FOREMAN MANUFACTURING CO., INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 16, 1979—Decided October 26, 1979.

Before Judges FRITZ, KOLE and LANE.

*Ms. Lori J. Nicholas*, appellant, *pro se.*

*Mr. John J. Degnan*, Attorney General, of New Jersey, attorney for respondent Board of Review (*Mr. Michael S. Bokar*, Deputy Attorney General, of counsel; *Ms. Donna J. Kelly*, Deputy Attorney General, on the brief).

PER CURIAM.

In this appeal from a denial of unemployment compensation benefits by the Board of Review, affirming the decision of the Appeal Tribunal, appellant does not deny that she quit work voluntarily because she was dissatisfied with her income. There is no question but that such is a voluntary leaving without good cause attributable to the work and disqualifies the employee for benefits. *N.J.S.A.* 43:21–5(a); *DeSantis v. Board of Review*, 149 *N.J.Super.* 35 (App.Div.1977).

She testified, however, that during the period after she had given notice but while she was working out the term of the period of notice, she was advised there was to be "a better price," so she then told her "floor boss" that "I was satisfied with what he gave me, so I was staying." Her contention here is that this in effect cancelled her quitting and that the refusal of her employer thereafter to permit her to work constituted an involuntary leaving by virtue of having been discharged.

There was testimony from the employer that during the week in which appellant worked after she had given notice, "arrangements were made to replace her and . . . she was replaced."

The position of the agency, expressed in the opinion of the Appeal Tribunal, is that a notice of quitting separates the employee from the job and is a voluntary leaving. We concur, especially in an industry where, as noted in the opinion of the Appeal Tribunal, "piece rate wages may be incorrect and are corrected after time studies and the claimant did not give the employer a reasonable time to correct her wage error before she gave notice of quitting."

As noted in *Guy Gannett Pub. Co. v. Maine Employment Sec. Com'n*, 317 *A.2d* 183 (Maine Sup.Jud.Ct.),

A resignation, when voluntary, is essentially an unconditional event the legal significance and finality of which cannot be altered by the measure of time between the employee's notice and the actual date of departure from the job. An employer who accepts an unequivocal notice of resignation from an employee is entitled to rely upon it, to the extent of preparing in one manner or another for the employee's absence, unless, of course, the employer chooses to return to *status quo* by rehiring the employee, or accepting a retraction of the notice.

Absent such action by the employer, however, we are unable to say that a resignation matures *only* upon the final, physical exit of the worker from the job site. Were this the case, the employer would be unable to hire a replacement or otherwise adjust his work force except at his peril, subject to the wishes of an indecisive employee. [317 *A.2d* at 187]

Affirmed.