IN THE MATTER OF: PANSY H. WHICKER, CLAIMANT-APPELLANT v. HIGH POINT PUBLIC SCHOOLS, EMPLOYER AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8121SC640

(Filed 2 March 1982)

**Master and Servant § 108— disqualification for unemployment compensation**

A determination by the Employment Security Commission that claimant is disqualified for unemployment compensation benefits because she left work voluntarily without good cause attributable to her employer was supported by evidence and findings that on 30 August 1979 claimant submitted to her superior a letter stating "please accept my resignation effective June 30, 1980"; this was accepted by her employer; on 18 December 1979 claimant advised respondent employer that she wished to rescind her resignation; claimant did not file another job application with respondent employer; and claimant was aware that respondent employer was considering other individuals to fill the vacancy created by her resignation.

APPEAL by claimant from *Mills, Judge.* Judgment entered 4 March 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 February 1982.

Claimant appeals from a judgment of the Superior Court affirming a decision by the Employment Security Commission that claimant is disqualified for unemployment compensation benefits because she left work voluntarily without good cause attributable to her employer.

*Allman, Humphreys and Armentrout, by James W. Armentrout, for claimant appellant.*

*No brief filed by respondent-appellee, High Point Public Schools, Employer.*

*C. Coleman Billingsley, Jr., Staff Attorney, for respondent-appellee, Employment Security Commission of North Carolina.*

WHICHARD, Judge.

Claimant was employed by respondent-employer, High Point Public Schools. On 28 August 1979 she was called into a conference with the associate superintendent and a personnel office employee. On 30 August 1979 she submitted to the associate superintendent a letter stating "please accept my resignation effective June 30, 1980."

On 18 December 1979 claimant advised the superintendent that she wished to rescind her resignation. He told her she could not, and that respondent-employer "had already made other arrangements." At that time respondent-employer had discussed the position with several individuals and "had made tentative commitments."

Claimant testified: "Nobody ever asked for my resignation, either impliedly or expressly . . . . There was no pressure applied to me in any way." She also testified that she was told at the 28 August 1979 conference "to make copies of everything" she sent to the associate superintendent, and that he would make copies of everything he sent to her; that the associate superintendent indicated that this was "for [her] own protection"; and that she did interpret this as pressure.

The Employment Security Commission found as facts that claimant gave a resignation to her superior indicating her intent to resign; that this was accepted by her employer; that she then, in December, 1979, made known to the superintendent her interest in continuing employment; that she did not file another job application with respondent-employer; and that she was aware that respondent-employer was considering other individuals to fill the vacancy. These findings are supported by competent evidence in the record, and are thus conclusive on appeal. *Yelverton v. Furniture Industries*, 51 N.C. App. 215, 218, 275 S.E. 2d 553, 555 (1981), and authorities cited.

The question is whether these findings sustain the Commission's conclusion that claimant was disqualified from receiving unemployment compensation benefits by virtue of G.S. 96-14, which provides, in pertinent part, as follows:

An individual shall be disqualified for benefits:

In re Whicker v. High Point Schools

(1). . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he left work voluntarily without good cause attributable to the employer.

G.S. 96-14 (Supp. 1981). "The claimant has the burden of proving that [s]he is not so disqualified." *In re Vinson,* 42 N.C. App. 28, 30, 255 S.E. 2d 644, 646 (1979). *See also Employment Security Com. v. Jarrell,* 231 N.C. 381, 57 S.E. 2d 403 (1950); *In re Steelman,* 219 N.C. 306, 13 S.E. 2d 544 (1941).

We find nothing in the record to merit a conclusion that claimant has sustained her burden of proving that she was other than "unemployed because [s]he left work voluntarily without good cause attributable to the employer." G.S. 96-14(1) (Supp. 1981). We agree with the Commission that "[t]he fact that the claimant later wished to rescind her resignation does not negate the fact that it was voluntarily offered . . . ." The Superior Court thus properly found that the facts found by the Commission were based upon competent evidence in the record, that the Commission properly applied the law to those facts, and that the Commission's decision should be affirmed.

The judgment of the Superior Court is therefore

Affirmed.

Judges CLARK and ARNOLD concur.