216

Ronald OSTERHOUT *v.* William F. EVERETT,
Director of Labor, and VALMAC INDUSTRIES

E 82-157                               639 S.W.2d 539

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

DONALD L. CORBIN, Judge. This is an unemployment compensation case in which appellant has appealed from the denial of benefits by the Board of Review. Appellant was denied benefits under the provisions of Ark. Stat. Ann. § 81-1106 (a) for the reason that he voluntarily quit his last job without good cause connected with the work. We affirm.

The record reveals no dispute as to the controlling facts as found by the Board of Review. On January 13, 1982, the appellant gave his notice that he would resign as of January 22, 1982. Appellant stated that he submitted his resignation because he had been convicted of a felony and needed $750.00 to continue his defense. He was attempting to obtain the money by resigning in order to receive payment for accrued vacation time. On January 18, 1982, the court hearing his criminal case found claimant to be an indigent and ordered that state funds be used to continue appellant's appeal thereby removing appellant's necessity to resign. Appellant informed his employer that he wanted to withdraw his resignation but the employer refused. The employer informed claimant that his resignation had been accepted.

"In appellate review under Ark. Stat. Ann. § 81-1107 (d) (7) making the findings of the Board of Review, as to the facts, conclusive, if supported by evidence and in the absence of fraud, and confining judicial review to questions of law, we must give the successful party the benefit of every inference that can be drawn from the testimony. We are

required to view the testimony in the light most favorable to the successful party, if there is any rational basis for the board's findings based upon substantial evidence." *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978), *Rose* v. *Daniels*, 269 Ark. 679, 599 S.W.2d 762 (1980).

The sole question to be addressed here is one of first impression in this state. The issue is whether an employee who voluntarily resigns his employment without good cause connected with the work is entitled to unemployment benefits if he attempts to withdraw his resignation prior to his last day of employment with that employer.

Our research has disclosed that this issue has been addressed in other jurisdictions. The Supreme Judicial Court of Maine in *Guy Gannett Publishing Co.* v. *Maine Employment Security Commission*, 317 A.2d 183 (1974), summarized the decisions in the states of Pennsylvania, Connecticut and Louisiana on this issue. Additionally, we note that New Jersey has also decided this question in *Nicholas* v. *Board of Review*, 171 N.J. Super. 36, 407 A.2d 1254 (1979).

Although the Arkansas Employment Security Law is remedial in nature and must be liberally construed, *Harmon* v. *Laney*, 239 Ark. 603, 393 S.W.2d 273 (1964), the Act must be given an interpretation in keeping with the declaration of state policy, *Little Rock Furniture Mfg. Co.* v. *Commissioner of Labor*, 227 Ark. 288, 291, 298 S.W.2d 56 (1947). Ark. Stat. Ann. § 81-1101 (Repl. 1976) sets forth the State's public policy of setting aside unemployment reserves to be used for the benefit of persons *unemployed through no fault of their own*. We cannot say that appellant has become unemployed through no fault of his own since it was appellant's own action of resignation which set in motion the chain of events which ultimately resulted in his unemployment.

We adopt the reasoning of the Supreme Judicial Court of Maine in *Guy Gannett Pub. Co.* v. *Maine Employment Security Commission, supra*, which stated:

A resignation, when voluntary, is essentially an un-

conditional event the legal significance and finality of which cannot be altered by the measure of time between the employee's notice and the actual date of departure from the job. An employer who accepts an unequivocal notice of resignation from an employee is entitled to rely upon it, to the extent of preparing in one manner or another for the employee's absence, unless, of course, the employer chooses to return to *status quo* by rehiring the employee, or accepting a retraction of the notice.

Absent such action by the employer, however, we are unable to say that a resignation matures *only* upon the final, physical exit of the worker from the job site. Were this the case, the employer would be unable to hire a replacement or otherwise adjust his work force except at his peril, subject to the wishes of an indecisive employee.

We affirm the decision of the Board of Review.