Cheryl A. CUNLIFFE, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO and Gonzales Consulting Services, Inc., Respondents.

No. 01CA2446.

Colorado Court of Appeals, Div. II.

May 23, 2002.

Cheryl A. Cunliffe, Pro Se.

No Appearance for Respondent Industrial Claim Appeals Office.

Albert C. Gonzales, President, Denver, Colorado, Authorized Representative for Respondent Gonzales Consulting Services, Inc.

Opinion by Judge PLANK.

Petitioner, Cheryl A. Cunliffe (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed an order of a hearing officer disqualifying her from the receipt of unemployment compensation benefits pursuant to § 8–73–108(5)(e)(I), C.R.S.2001 (quit due to dissatisfaction with standard working conditions). We affirm.

After an evidentiary hearing, the hearing officer made the following findings. Claimant worked for Gonzales Consulting Services, Inc., a company that hired and referred employees to client companies to perform pro-

fessional and technical services in long- and short-term assignments. Gonzales placed claimant in a long-term assignment as a staff accountant with the federal Small Business Administration (SBA).

After claimant's SBA supervisor told her she was going to be relocated to a work cubicle that claimant believed contained grossly inadequate work and filing space, she orally resigned. However, after reconsidering, she asked her supervisor about three hours later if she could rescind her resignation.

Her request was denied.

After claimant worked through her notice period at SBA, Gonzales had no further work assignment for her, and she became unemployed.

Based on these and other evidentiary findings, the hearing officer concluded that claimant resigned from her SBA assignment due to dissatisfaction with standard working conditions. He further found that, with such short notice, claimant could not reasonably expect Gonzales to place her immediately in another assignment. Thus, the hearing officer concluded that claimant was responsible, or at fault, for her separation and disqualified her pursuant to § 8–73–108(5)(e)(I).

The Panel agreed with the hearing officer's determination and further determined that claimant's attempt to rescind her resignation did not alter the cause of her separation. And, the Panel concluded the hearing officer properly could infer that claimant's resignation from the SBA assignment resulted in her separation from overall employment. The Panel affirmed the hearing officer's decision, and this appeal followed.

On appeal, claimant contends only that the SBA's unreasonable refusal to allow her to rescind her hastily submitted resignation transforms her voluntary resignation into an involuntary termination, thereby entitling her to unemployment benefits. We disagree.

The issue whether an employer's refusal to accept an employee's retraction of a voluntarily submitted resignation transforms that resignation into an involuntary termination, thereby entitling the employee to unemployment benefits, has not been decided in Colo-

rado. Other jurisdictions have resolved this issue differently. *See* Francis M. Dougherty, Annotation, *Eligibility for Unemployment Compensation Benefits of Employee Who Attempts to Withdraw Resignation Before Leaving Employment*, 36 A.L.R.4th 395 (1985).

A minority view is that an employer's refusal to accept the withdrawal of the resignation renders the subsequent termination involuntary and thus entitles the employee to benefits. *See, e.g., Mauro v. Administrator,* 19 Conn.Supp. 362, 113 A.2d 866 (1954); *Cotright v. Doyal,* 195 So.2d 176 (La.Ct.App. 1967).

In Pennsylvania, a resignation remains a voluntary termination if the employer has taken steps to replace the claimant before the claimant's revocation attempts. *See Zimmerman v. Commonwealth,* 101 Pa. Commw. 274, 516 A.2d 102 (1986).

However, the majority of jurisdictions have held that an employer may not be required to accept the withdrawal of the resignation. Thus, a claimant may be denied benefits on the basis of a voluntary termination, notwithstanding an employer's refusal to accept a retraction of the voluntary resignation. *See Osterhout v. Everett,* 6 Ark.App. 216, 639 S.W.2d 539 (1982); *Wright v. District of Columbia Dep't of Employment Services,* 560 A.2d 509 (D.C.1989); *Langley v. Employment Appeal Bd.,* 490 N.W.2d 300 (Iowa Ct.App.1992); *Guy Gannett Publ'g Co. v. Maine Employment Sec. Comm'n,* 317 A.2d 183 (Me.1974).

Here, we find that the majority position is better reasoned and conforms most closely to Colorado's unemployment compensation policies.

▮▮▮ Thus, we conclude that, for unemployment compensation purposes, a voluntary resignation is an unconditional event, the legal significance and finality of which are not altered by the interval between the employee's notice and his or her departure from the job. Therefore, an employer who accepts an employee's unequivocal notice of resignation is entitled to rely on it without the risk of being charged for compensation

benefits if the employee attempts to withdraw the resignation before its effective date. Of course, in the interim period the employer may choose to return to the status quo ante either by rehiring the employee or accepting a retraction of the resignation. *See Osterhout v. Everett, supra; Langley v. Employment Appeal Bd., supra; Guy Gannett Publ'g Co. v. Maine Employment Sec. Comm'n, supra.*

██ Consequently, we hold that when an employee voluntarily resigns and the employer refuses to accept an attempted retraction of the resignation prior to its effective date, the employee's resignation is considered to have been voluntary for purposes of determining the employee's entitlement to unemployment compensation benefits. *Langley v. Employment Appeal Bd., supra.*

This holding is consistent with the underlying purpose of the unemployment act: to provide benefits to those claimants who are separated from their employment through no "fault" of their own. *See* § 8–73–108(1)(a), C.R.S.2001. When a claimant's voluntary resignation sets in motion the chain of events that ultimately results in unemployment, we cannot say that the claimant was unemployed through no "fault" of her own. Here, claimant's attempt to rescind her resignation does not alter the fact that initially it was voluntary. *See Whicker v. High Point Pub. Schs.,* 56 N.C.App. 253, 287 S.E.2d 439 (1982).

Before the hearing officer and the Panel, claimant also asserted that a substantially unfavorable change in working conditions prompted her resignation. She did not make this argument on appeal nor did she raise any argument concerning § 8–73–105.5, C.R.S.2001, which deals specifically with temporary help contracting firms. Hence, we do not address either of those issues.

The Panel's order is affirmed.

Judge JONES and Judge WEBB concur.