Glenda WILLCUT, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 87494.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 6, 2006.

John D. Lynn, St. Louis, MO, for Appellant.

Larry R. Ruhmann, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Glenda Willcut ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") disqualifying her, pursuant to Section 288.050, RSMo Cum.Supp.2005, from receiving unemployment compensation benefits on the basis that she left work voluntarily without good cause attributable to her employer. We reverse and remand.

Claimant worked for Phil Tessereau Insurance Agency, Inc. ("Employer") for sixteen years. Claimant worked for Employer's predecessor for thirty years. Claimant's duties included processing quotes, servicing policy holders, computer applications for insurance, and processing claims for current policy holders.

In December of 2004, Employer met with Claimant and informed her that there were going to be some changes in the office procedures. A few days later, Employer discharged the receptionist and Claimant was assigned additional duties that had previously been performed by the receptionist. On February 11, 2005, Claimant met with Employer to discuss her situation. Employer informed Claimant that she needed to improve her job performance. Claimant and Employer then agreed that Claimant would retire, effective August 31, 2005. Claimant later expressed interest in remaining employed and not retiring.

Claimant last performed work for Employer on July 29, 2005. On that day, Employer had returned from vacation and called Claimant into his office. Employer informed Claimant that she should go ahead and retire on August 31, 2005 as originally planned. Claimant stated that she did not want to retire and that she felt like she was being forced to retire. Employer responded telling Claimant to "get your stuff and get out now."

Claimant subsequently filed a claim for unemployment benefits. The deputy of the Missouri Division of Employment Security ("Division") determined that Claimant was disqualified from receiving benefits because she left work with Employer voluntarily without good cause attributable to her work or employer. Claimant appealed to the Appeals Tribunal of the Division. After a hearing, the Appeals Tribunal issued a decision affirming the deputy's determination. The Appeals Tribunal found that although Claimant tried to rescind her agreement to retire, Employer did not mutually agree to do so, and Employer moved up the date of the separation to July 29, 2005. The Appeals Tribunal further found there was no testimony sufficient to establish that there was any wrongdoing by Employer or other good cause attributable to the work Claimant was performing that would cause Claimant to leave her employment. Thereafter, Claimant appealed the determination to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

Our review of the Commission's decision denying benefits to a claimant is governed by Section 288.210, RSMo 2000, which reads, in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the

jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Thus, under Section 288.210, RSMo 2000, the factual findings of the Commission are conclusive if, absent fraud, they are supported by competent and substantial evidence, and review of the Commission's decision by this Court is confined to questions of law. *Taylor v. Division of Employment Sec.*, 153 S.W.3d 878, 881 (Mo. App. S.D.2005). We are not bound by the Commission's conclusions of law or its application of law to facts, and questions of law are reviewed independently. *Id.* On matters of witness credibility and resolution of conflicting evidence, deference is accorded to the Commission's determinations. *Id.*

■ A claimant is not entitled to unemployment benefits if he or she voluntarily quits his or her job absent good cause attributable to the work or the employer. Section 288.050.1(1), RSMo Cum.Supp. 2005 [1]; *Wingo v. Pediatric and Adolescent Med. Consultants, Inc.*, 932 S.W.2d 898, 899 (Mo.App. E.D.1996). An employee is deemed to have left work voluntarily when she leaves of her own accord as opposed to being discharged, dismissed, or subjected to layoff by the employer. *Worley v. Division of Employment Sec.*, 978 S.W.2d 480, 483 (Mo.App. W.D.1998).

■ Whether an employee voluntarily left employment or was discharged is a factual determination within the purview of the Commission, and we must affirm the Commission's determination if it is supported by competent and substantial evidence on the record as a whole. *Id.* The relevant facts and circumstances surrounding an employee's cessation of employment are controlling. *Id.*

In her points on appeal and in her argument, Claimant contends the Commission erred in denying her unemployment benefits on the ground she voluntarily left her employment without good cause because (1) her agreement to retire was subject to a condition precedent that was not performed by her employer, and (2) her employer's refusal to accept her revocation of the agreement to retire when it had not relied on the agreement rendered her separation from employment involuntary. Thus, Claimant spends the majority of her argument discussing contract principles as to how her agreement to retire was subject to a condition precedent that was not performed by Employer and the Commission's false assumption that Claimant could not withdraw her agreement to retire without Employer's consent. Claimant also emphasizes the issue of whether Employer could refuse to accept her revoca-

---

**1.** Section 288.050.1, RSMo Cum.Supp.2005, provides, in pertinent part:

Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

(1) That the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer.

tion of her resignation when it had not relied on it to Employer's detriment.[2] These principles are not controlling under the present circumstances. We find the case of *Miller v. Help at Home, Inc.*, 186 S.W.3d 801 (Mo.App. W.D.2006), controlling on this issue.

In *Miller*, the claimant worked as an in-home care provider for the employer. *Id.* at 804. The claimant's supervisor informed claimant that her hours were being temporarily cut for a two-week period from thirty hours per week to fifteen hours per week. *Id.* After being notified of this temporary reduction in hours, the claimant resigned in writing giving two weeks' notice, which was accepted by the employer. *Id.* Shortly thereafter, the claimant's supervisor received information which led her to believe the claimant was, at least temporarily, disqualified from providing care to the elderly. *Id.* On that same day, the claimant and her supervisor had a meeting at which time the claimant requested to rescind her resignation. *Id.* The claimant's request to rescind her resignation was denied. *Id.* Thereafter, the claimant's claim for unemployment compensation was denied on the ground that she was disqualified from benefits because she left work voluntarily without good cause attributable to her work or her employer. *Id.*

On appeal, the *Miller* court found the evidence supported the Commission's determination that the claimant voluntarily left her employment without good cause. *Id.* at 806. The court noted that the claimant's resignation was submitted to her supervisor and that resignation was accepted, and that this fact alone was sufficient for the Commission to find that the claimant voluntarily left her employment. *Id.* In response to the claimant's assertion that she was allowed to rescind her resignation, the court found that there was no evidence to support the fact that she was allowed to rescind her resignation. *Id.* at 807.

Here, as in *Miller*, Claimant had informed Employer of her intent to retire. Claimant's testimony showed that Claimant and Employer agreed to her retirement. Employer accepted her retirement date of August 31, 2005. Although Claimant indicated her desire to rescind her resignation, the evidence established that Employer rejected her request. General-

---

2. Claimant cites a number of decisions from other jurisdictions to support her contention that her resignation was rescinded because she changed her mind and no longer wished to retire, and Employer did not detrimentally rely on her decision to retire. *See Stroh–Tillman v. Unemployment Comp. Bd. Of Review*, 167 Pa.Cmwlth. 154, 647 A.2d 660 (1994); *Swanson v. State of Idaho*, 114 Idaho 607, 759 P.2d 898 (1988); *Whicker v. High Point Public Schools*, 56 N.C.App. 253, 287 S.E.2d 439 (1982); *Nicholas v. Bd. of Review*, 171 N.J.Super. 36, 407 A.2d 1254 (App.Div. 1979). Claimant also cited numerous cases from other jurisdictions that hold an employee cannot withdraw notice of resignation or retirement even if the employer has not relied on the decision to its detriment, and encourages this court not to follow such cases. *See*

*Cunliffe v. Indus. Claim Appeals Office of the State of Colorado*, 51 P.3d 1088 (Colo.Ct.App. 2002); *Langley v. Employment Appeal Bd.*, 490 N.W.2d 300 (Iowa Ct.App.1992); *Wright v. District of Columbia Dept. of Employment Services*, 560 A.2d 509 (D.C.1989); *Osterhout v. Everett*, 6 Ark.App. 216, 639 S.W.2d 539 (1982); *Batts v. Review Bd. of the Indiana Employment Sec. Div.*, 179 Ind.App. 405, 385 N.E.2d 1174 (1979); *Guy Gannett Pub. Co. v. Maine Employment Sec. Com'n*, 317 A.2d 183 (Me.1974); *Rabago v. Unemployment Ins. Appeals Bd.*, 84 Cal.App.3d 200, 148 Cal.Rptr. 499 (1978). We need not get into a discussion of these cases from other jurisdictions because of our reliance on the binding precedent of *Miller v. Help at Home, Inc.*, 186 S.W.3d 801 (Mo.App. W.D.2006).

ly, a resignation prospective or conditional in character may be withdrawn at any time before accepted. *Miller*, 186 S.W.3d at 806; *Worley*, 978 S.W.2d at 483. Claimant's resignation was accepted by Employer and Employer denied her request to rescind her retirement date.

Although Claimant's retirement date was not rescinded and remained the date of Claimant's retirement, we must determine whether the Commission's conclusion that Claimant left her work voluntarily on July 29, 2005, when Employer told Claimant to "get your stuff and get out now" thereby advancing the date of her agreed upon retirement date from August 31, 2005 to July 29, 2005, is supported by competent and substantial evidence.

■ We find the Commission's conclusion is not supported by competent and substantial evidence. At the time of their meeting on July 29, 2005, Employer terminated Claimant's employment when he told her to "get your stuff and get out now." This was not an advancement of Claimant's retirement date. Claimant did not agree to advance her retirement date to July 29, 2005. The evidence supports a finding that on July 29, 2005, Employer unilaterally terminated Claimant's employment and Claimant did not voluntarily leave her employment with Employer on that date. Thus, Claimant is entitled to receive unemployment compensation benefits from July 29, 2005 until August 31, 2005, the date of her retirement.

Accordingly, the Commission's decision finding Claimant disqualified from receiving unemployment compensation benefits is reversed and the cause is remanded for Claimant to receive unemployment compensation benefits from the time her employment was terminated by Employer on

July 29, 2005 to August 31, 2005, the effective date of her retirement.

NANNETTE A. BAKER, P.J., and SHERRI B. SULLIVAN, J., concur.