Phyllis FITZPATRICK,
Claimant/Appellant,

v.

DON BROWN AUTOMOTIVE GROUP, INC., Employer/Respondent,

and

Division of Employment Security, Respondent.

No. ED 89443.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 2007.

Phyllis Fitzpatrick, Florissant, MO, pro se.

Don Brown Automotive Group, Inc., St. Louis, MO, pro se.

Shelly A. Kintzel, St. Jefferson City, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

The claimant, Phyllis Fitzpatrick, appeals the decision of the Labor and Industrial Relations Commission disqualifying her from receiving unemployment-compensation benefits on the basis that she left work voluntarily without good cause attributable to the work or the employer. Because the claimant did not voluntarily leave work, we reverse the Commission's decision. Because the deputy failed to determine the claimant's eligibility for benefits, we remand the cause.

The claimant worked for the employer, Don Brown Automotive Group, as a recep-

tionist from the spring of 2006 to December 2006. The claimant requested a pay raise, which the employer denied. The claimant testified that she then submitted her written resignation, wherein she gave thirty days' notice that she would leave employment on December 29, 2006. The morning of December 12, 2006, the employer unexpectedly discharged the claimant, telling her, "I think we ought to end it here." The claimant testified that she gave her notice to the employer in anticipation of beginning a new job in January, but the new job did not materialize. She testified that she would not have submitted her resignation had she not expected to go to another job.

The claimant filed a claim for unemployment-compensation benefits. A deputy of the Missouri Division of Employment Security determined that the claimant was disqualified from receiving benefits because she left employment voluntarily without good cause attributable to her work or her employer. The claimant appealed to the Division's Appeals Tribunal. After a hearing in which the employer did not participate, the Appeals Tribunal affirmed the deputy's determination. The Appeals Tribunal concluded that the claimant voluntarily left employment on December 12, 2006 because she anticipated beginning a new job and because the employer denied her request for a raise. The Appeals Tribunal also concluded that "[t]he employer merely advanced the effective date of the claimant's resignation notice." The claimant then appealed to the Commission, which affirmed and adopted the decision of the Appeals Tribunal. This appeal follows, with the claimant seeking unemployment-compensation benefits through May 11, 2007.

■ We may reverse the Commission's decision if there is not sufficient competent evidence in the record to support the award. Section 288.210 RSMo. (2000); *Akers v. Barnes–Jewish Hosp.*, 164 S.W.3d 136, 137 (Mo.App. E.D.2005). A claimant is disqualified from unemployment-compensation benefits if he or she voluntarily leaves the job without good cause attributable either to the work or the employer. Section 288.050.1(1) RSMo. (Supp.2006); *Willcut v. Division of Employment Security*, 193 S.W.3d 410, 412 (Mo.App. E.D.2006). An employee leaves work voluntarily when he or she leaves of his or her own accord, as opposed to being discharged, dismissed, or laid off by the employer. *Id.*

We must determine whether the Commission's conclusion, that the claimant left work voluntarily on December 12, 2006 without good cause attributable either to the work or the employer, is supported by sufficient competent evidence. The claimant testified that she gave thirty days' written notice of her intent to resign. Two weeks after submitting her thirty-day notice, the employer told the claimant, "I think we ought to end it here." Because the employer did not participate in the hearing, the claimant's testimony was uncontroverted. The Division concedes in its brief that the Commission erred in affirming the claimant's disqualification from benefits between December 12th and December 29, 2006 based on the claimant's separation from work on December 12, 2006.[1]

■ We hold that the Commission's award is not supported by sufficient competent evidence. The evidence supports a finding that the claimant did not agree to advance her resignation date and that she did not voluntarily leave employment on December 12, 2006. Rather, the employer made the unilateral decision to have the

---

1. The employer did not file a brief.

claimant leave employment on December 12, 2006 instead of December 29, 2006, which was the date the claimant specified in her resignation letter as the date she would voluntarily leave employment. Where, as here, an employer unilaterally decides to end a claimant's employment earlier than the planned voluntary separation date, the claimant has not voluntarily left employment on the date of actual separation, but has been terminated on that date. *See Willcut,* 193 S.W.3d at 414. The claimant would not be entitled to unemployment-compensation benefits when leaving employment of her own accord, *id.* at 412, but she did not leave of her own accord on December 12, 2006. Rather December 29, 2006 is the date that the claimant can be construed to have left employment of her own accord.

Thus, the claimant is not disqualified from unemployment-compensation benefits for the period from December 12, 2006, when the employer terminated the claimant's employment, to December 29, 2006, the date that the claimant planned to voluntarily leave work pursuant to her resignation notice. *See id.* at 414. However, because the deputy determined that the claimant was disqualified from receiving unemployment-compensation benefits, the deputy did not make the separate eligibility determination required pursuant to section 288.040.1 RSMo. (Supp.2006). The deputy must make the initial finding as to eligibility. *Blue Hills Homes Corp. v. Young,* 80 S.W.3d 471, 476 (Mo.App. E.D. 2002).

We reverse the Commission's decision disqualifying the claimant from unemployment-compensation benefits based on her separation from work on December 12, 2006, and we remand the cause for a determination of the claimant's eligibility for

benefits from December 12, 2006 to December 29, 2006.[2]

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.

---

2. We deny the motion by the Division of Employment Security to strike the claimant's brief and dismiss her appeal.