Tonia BRINKER, Appellant,

v.

N & R OF JONESBURG, INC., and Division of Employment Security, Respondents.

No. ED 96186.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 2011.

---

Michael R. Hanson, O'Fallon, MO, for Appellant.

Michael Eugene Cook Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Tonia Brinker ("Brinker") appeals a decision from the Labor and Industrial Relations Commission ("the Commission") denying Brinker unemployment benefits. We reverse and remand.

## I. BACKGROUND

Brinker was employed as a cook at a skilled nursing facility, N & R of Jonesburg, Inc. ("N & R"). On August 28, 2010, N & R's administrator told Brinker that she was not permitted to return to work because she left work early the previous day. The record shows that on September 30, 2010, a deputy for the Division of Employment Security ("the Division") determined that Brinker was disqualified from

receiving unemployment benefits because her discharge was for misconduct connected with work. Brinker appealed to the Division's Appeals Tribunal ("the Tribunal"). After a hearing on October 28, 2010, the Tribunal modified the deputy's determination and found that Brinker was discharged on August 28, 2010, a day later than the deputy found, when N & R's administrator told Brinker she was not permitted to return to work because she had left work the previous day without obtaining permission from her supervisor. The Tribunal concluded that although Brinker's supervisor told her "okay" when Brinker sought permission to be excused on August 27, 2010, the reason for Brinker's departure was not a matter that would compel a reasonable person to request permission to leave early, and Brinker did not show her early departure was unavoidable. The Tribunal further concluded that Brinker's early departure was a violation of the standards of conduct that N & R had a right to expect of Brinker, and so it was work-related misconduct under Section 288.030.1(23), RSMo Cum.Supp.2010.[1]

Brinker subsequently appealed to the Commission, which affirmed and adopted the Tribunal's decision. Brinker now appeals to this Court.

## II. DISCUSSION

In her sole point on appeal, Brinker argues that the Commission's determination that Brinker committed misconduct in connection with her employment and denying her unemployment benefits is not supported by the facts. We agree with Brinker's argument and find that the record does not support the Commission's determination.

We may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo. App. W.D.2007). Under Section 288.210, we review the whole record to determine if it contains sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. Banc 2003). The weight to be given to the evidence and the resolution of conflicting evidence are for the Commission, and its choice is binding upon the court. *Willcut v. Div. of Employment Sec.*, 193 S.W.3d 410, 412 (Mo. App. E.D.2006). Whether an employee's conduct constitutes misconduct connected with work is a question of law, and the Commission's determination is not given any deference by the reviewing court. *Ottomeyer v. Whelan Sec. Co.*, 202 S.W.3d 88, 91 (Mo.App. E.D.2006).

Under Section 288.050.2, a claimant may be disqualified from receiving unemployment benefits if he committed misconduct connected with work. Section 288.050.2. While an employee generally bears the burden of demonstrating he is entitled to unemployment benefits, the burden shifts to the employer to prove misconduct connected with work when the employer asserts that the employee was discharged for misconduct. *Williams v. Enterprise Rent–A–Car Shared Servs., LLC,* 297 S.W.3d 139, 142 (Mo.App. E.D. 2009). Under Section 288.030.1(23), misconduct is defined as:

---

1. All subsequent statutory citations are to RSMo Cum.Supp.2010, unless otherwise indicated.

[1] an act of wanton or willful disregard of the employer's interest, [2] a deliberate violation of the employer's rules, [3] a disregard of standards of behavior which the employer has the right to expect of his or her employee, or [4] negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

■ A finding of misconduct requires proof by a preponderance of the evidence that a claimant willfully violated the rules or standards of the employer and that his actions were not simply the result of poor workmanship, lack of judgment, or an inability to do the job. *Hoover v. Cmty. Blood Ctr.*, 153 S.W.3d 9, 13 (Mo.App. W.D.2005).

Brinker alleges that the Commission erred in finding there was sufficient evidence of misconduct related to work, and that the Commission's decision is against the weight of the evidence. The record shows that on August 27, 2010, Brinker became upset at work when some fellow employees arrived early to work and things became "out of control" in the kitchen. Brinker spoke with her supervisor, who urged Brinker to continue working. However, Brinker asked the supervisor if she could be excused for the day and the supervisor responded "okay." Brinker departed from work after waiting only a short period. The next day, N & R's administrator told Brinker she was not permitted to return to work because she had left the previous day without obtaining the supervisor's permission. In light of these facts, we find that the Commission's decision is not supported by the record.

We review de novo whether an employee's actions constitute misconduct connected with work. *Ottomeyer*, 202 S.W.3d at 91. We note the importance of an employee's obligation to properly report absences in accordance with an employer's reasonable policy, *see, e.g., Moore v. Swisher Mower & Machine Co., Inc.*, 49 S.W.3d 731, 739 (Mo.App. E.D.2001), but here we find nothing on the record regarding N & R's policies, nor do we find a failure by Brinker to report her early absence. Moreover, the record shows that Brinker specifically obtained permission from her supervisor to leave work for the day. Whether that permission was less than enthusiastic does not deny the fact that it was still permission to leave work early. Under the statutory definition of "misconduct," we do not find that Brinker's departure, with permission, was an act of wanton or willful disregard for her employer, a deliberate violation of N & R's rules, a disregard of standards of behavior which N & R had a right to expect from Brinker, or negligence in such degree as to manifest culpability, wrongful intent or evil design, or an intentional and substantial disregard of N & R's interest or of Brinker's duties and obligations to N & R. *See* Section 288.030.1(23). Therefore, we find Brinker's actions in leaving work early, with permission from her supervisor, legally do not constitute misconduct connected with work under Section 288.030.1(23). Brinker's point on appeal is granted.

### III. CONCLUSION

The decision of the Commission is reversed and the case is remanded to the Commission for the entry of an unemployment benefits award consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.