

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| LARRY MORRIS, | ) | No. ED100917 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GLENRIDGE CHILDREN'S | ) | Appeal from the Labor and |
| CENTER, INC., | ) | Industrial Relations Commission |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | Filed: July 22, 2014 |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |

Glenridge Children's Center, Inc., ("Employer") appeals from the decision of the

Missouri Labor and Industrial Relations Commission ("Commission") finding Employer

discharged Larry Morris ("Claimant") on June 7, 2013.  The Commission's decision reversed the

decision of the Appeals Tribunal, which affirmed the decision of the deputy of the Division of

Employment Security ("Division") finding that Claimant was disqualified for benefits until he

has earned wages from insured work equal to ten times his weekly benefit amount after June 7,

2013, because he left work for Employer voluntarily without good cause.  We reverse.

## I. Background

Claimant worked for Employer for five years as a recreational supervisor at Employer's child care center. He worked part-time for Employer and part-time for the Clayton School District. Both jobs were ten-month jobs, requiring Claimant to work only during the time coinciding with the school year. The childcare center was closed during the school's summer vacation.

Claimant's last day of work was June 7, 2013. He had the option of coming back to work for Employer in August, when the school again opened. However, by May 7, 2013, Employer had provided Claimant with a paper asking him to indicate whether he was interested in working the following school year. He was given three options: First, "Yes IF there is a position available I would like to return to GCC [Employer] for the 2013-14 school year;" second, "No I am unable to return to GCC [Employer] for the 2013-14 school year;" and third,"I am looking for full time employment for the fall. If I am not able to find a full time job and there is a position available at GCC [Employer], I would like to work the schedule below." Claimant indicated unequivocally that he would be unable to return the following school year. Claimant decided not to return because he wanted a full-time job, thought he possibly could be hired full-time at the library, and was ready for a change.

The Commission found Employer discharged Claimant on June 7, 2013. The Commission concluded that Employer had no work for Claimant, and there were no facts supporting a finding of short-term layoff or suspension in this case. The Commission also stated that Employer did not enjoy the protections provided by the legislature in Section 288.040.3(1), RSMo (Cum. Supp. 2011),[1] for educational institutions. Next, the Commission concluded that Claimant did not engage in any type of bad behavior to cause the lack of work for a finding of

---

[1] All further statutory references will be to RSMo (Cum. Supp. 2011).

misconduct. Thus, the Commission concluded Employer did not meet its burden of proving that Claimant should be disqualified from the receipt of unemployment insurance benefits under Section 288.050.2.

This appeal follows.

## II. Discussion

Employer raises four points on appeal. In its first point, Employer alleges the Commission erred in reversing the decision of the Appeals Tribunal and applying the legal standard of "involuntary discharge" under Section 288.050.2 because the Commission should have used the standard of "voluntary quit" under Section 288.050.1 in that Claimant made his intention to resign his employment clear and unambiguous.

Second, Employer alleges the Commission erred in reversing the decision of the Appeals Tribunal and applying the legal standard of "misconduct connected with work" under Section 288.030.1 because Claimant was not involuntarily discharged in that Claimant made his intention to resign from his employment clear and unambiguous.

Third, Employer argues the Commission erred in reversing the decision of the Appeals Tribunal because, had the Commission applied the correct legal standard of "voluntary quit" under Section 288.050.1, it would have found in favor of Employer in that the substantial weight of the evidence proves that Claimant quit voluntarily, that he did not have good cause for quitting voluntarily, and that the cause was not attributable to the work or Employer.

Lastly, Employer contends the Commission erred in reversing the decision of the Appeals Tribunal because it appears as if the Commission confused two separate unemployment claims filed by Claimant (one with Employer and one with Clayton School District), and in so doing, mistakenly applied a set of facts and certain provisions of law to reach an erroneous conclusion.

3

Appellate review of an award made by the Labor and Industrial Relations Commission is governed by Section 288.210. The appellate court may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Ayers v. Sylvia Thompson Residence Ctr., 211 S.W.3d 195, 197-98 (Mo. App. W.D. 2007). Under Section 288.210, we review the whole record to determine if it contains sufficient competent and substantial evidence to support the award. Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222-23 (Mo. banc 2003). "Substantial evidence is evidence which has probative force on the issues and from which the trier of facts can reasonably decide the case." Miller v. Great Southern Bank, 367 S.W.3d 111, 118 (Mo. App. S.D. 2012). Whether there is substantial evidence to support the decision does not necessarily depend on the quantity of the evidence. Id. The testimony of one witness, even if contradicted by the testimony of other witnesses, may be sufficient competent evidence to support an administrative decision. Id.

The weight to be given to the evidence and the resolution of conflicting evidence are for the Commission, and its choice is binding upon this Court. Willcut v. Div. of Emp't Sec., 193 S.W.3d 410, 412 (Mo. App. E.D. 2006). We defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony. Munson v. Div. of Emp't Sec., 323 S.W.3d 112, 114 (Mo. App. W.D. 2010). However, we owe no deference to the Commission's conclusions of law or application of the law to the facts. Id.

The Commission's determination of whether an employee voluntarily left his employment or was discharged is ordinarily essentially a factual determination. Valdez v. MVM Sec., Inc., 349 S.W.3d 450, 454 (Mo. App. W.D. 2011). In reviewing the factual findings, the

4

court is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result. Id. The factual findings of the Commission must be supported by substantial and competent evidence in the record. Id. In determining whether Claimant voluntarily quit his employment or was discharged, we examine "whether the employer or the employee committed the final act severing the employment relationship." Mauller v. Div. of Emp't Sec., 331 S.W.3d 714, 718 (Mo. App. W.D. 2011). "Judicial interpretation of the unemployment statutes have required that an employee not have *caused* his dismissal by his wrongful action or inaction or his choosing not to be employed." Shields v. Proctor & Gamble Paper Prods. Co., 164 S.W.3d 540, 544 (Mo. App. E.D. 2005) (quoting Div. of Emp't Sec. v. Labor & Indus. Relations Comm'n, 651 S.W.2d 145, 149 (Mo. banc 1983)). A claimant for unemployment compensation benefits bears the burden of proving eligibility for such benefits. Coday v. Div. of Emp't Sec., 423 S.W.3d 775, 782 (Mo. banc 2014). When an employer claims an employee voluntarily left his or her employment without good cause attributable to the employer, it is the employee's burden to prove that it is not the case. Valdez, 349 S.W.3d at 456.

Where the findings of the Commission involve the interpretation or application of the law, as distinguished from a factual determination, it is not binding on this Court and therefore falls within our province of review and correction. Id. at 454. "Moreover, where the Commission's finding of ultimate fact is reached by the application of rules of law instead of by a process of natural reasoning from the facts alone, it is a conclusion of law and subject to our reversal." Id. (quoting Ross v. Whelan Sec. Co., 195 S.W.3d 559, 563 (Mo. App. S.D. 2006)). This Court is not bound by the Commission's conclusions of law or its application of law to the facts, and questions of law are reviewed independently. Id.

5

Here, the Commission ruled Claimant was discharged based on Employer's lack of work for Claimant. However, this Court believes the Commission misapplied the law and, instead, Claimant failed to meet his burden of proving that he is eligible for unemployment benefits after leaving Employer voluntarily and without good cause attributable to Employer.

The evidence shows, by Claimant's own testimony, as well as the testimony of Employer, that Claimant worked for Employer on a part-time, ten-month schedule. Claimant said that the school year ended on May 31, 2013, but he worked at a mini camp offered by Employer until June 7, 2013. Employer's "Guide for Personnel Policies & Procedures" also stated that compensation would be made "per school year," and paid time off was given "per semester (Aug.- Dec.) and (Jan.-May)."

Further, Claimant testified, "The second job [with Employer] I chose to step down after I completed the school year even at the time I stepped down, there was no work for me to do." This evidence, together with the form signed by Claimant indicating only that he would not return the following school year, is not sufficient evidence to support the Commission's findings or conclusions. Conversely, this evidence demonstrates only that Claimant did not meet his burden to prove he was eligible for unemployment benefits. When an employer claims an employee voluntarily left his or her employment without good cause attributable to the employer, it is the employee's burden to prove that it is not the case. Valdez, 349 S.W.3d at 456. Here, Claimant insomuch admitted on the record that he intended to leave his work voluntarily upon completing the school year, ending his employment without the prospect of returning when the school year started again. He testified that he was entitled to unemployment benefits from being laid off in March from his part-time position with the Clayton School District, but he was not

6

concerned about getting benefits from his other part-time position with Employer, for which he continued working until the end of the school year.

Instructive to our decision is the <u>Willcut</u> case, wherein this Court also found the Commission's decision was not supported by substantial evidence. <u>Willcut v. Div. of Emp't Sec.</u>, 193 S.W.3d 410, 413-14 (Mo. App. E.D. 2010). However, unlike here, the substantial evidence in <u>Willcut</u> demonstrated that the employer unilaterally terminated the claimant's employment, and the claimant did not voluntarily leave. <u>Id</u>. The claimant had informed her employer of her intent to retire, and both claimant and employer had agreed to her retirement and the date thereof. <u>Id</u>. Although the claimant attempted to rescind her retirement, her employer rejected that request. <u>Id</u>. Moreover, prior to the retirement date, the employer told the claimant to "get your stuff and get out now," which the Commission concluded was thereby advancing the retirement date by approximately one month. <u>Id</u>. This Court found the Commission's conclusion was not supported by competent and substantial evidence because the claimant did not agree to advance her retirement date. <u>Id</u>.

Here, although Claimant informed Employer of his intent to leave Employer, all competent and substantial evidence points to Claimant's departure at the end of the school year rather than the beginning of the following school year as Claimant now suggests. The fact that Claimant stopped working on June 7 was not Employer's effective discharge of Claimant, thereby advancing Claimant's voluntary termination date. Instead, we find that was Claimant's voluntary termination at the end of the school year.

A claimant is disqualified from receiving unemployment benefits if it is found that he left work voluntarily without good cause attributable to such work or to the claimant's employer. Section 288.050.1(1). In finding Claimant here left work voluntarily, we next determine whether

Claimant left work voluntarily for good cause attributable to the work or employer. Section 288.050.1. "There are two elements of good cause, reasonableness and good faith." Bunch v. Div. of Emp't Sec., 965 S.W.2d 874, 878 (Mo. App. W.D. 1998). Courts have applied the objective standard of what a reasonable person would do in the same or similar circumstances. Rodriguez v. Osco Drug, 166 S.W.3d 138, 141 (Mo. App. W.D. 2005). "Good cause" is:

> cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment . . . . [Good cause] is positive conduct which is consistent with a genuine desire to work and be self-supporting . . . . [T]he circumstances motivating an employee to voluntarily terminate employment must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element.

Id. (quoting Hessler v. Labor and Indus. Relations Comm'n, 851 S.W.2d 516, 518 (Mo. banc 1993)). To demonstrate good faith, a claimant must show that he made an effort to resolve the dispute before he resorted to the drastic remedy of termination of employment. Lashea v. Fin-Clair Corp., 30 S.W.3d 237, 241 (Mo. App. E.D. 2000). The claimant bears the burden of proving both elements of good cause. Ewing v. SSM Health Care, 265 S.W.3d 882, 888 (Mo. App. E.D. 2008).

Here, Claimant claimed that he decided not to return to Employer because he wanted a full-time job, thought he possibly could be hired full-time at the library, and was ready for a change. Claimant's reasons do not show good cause attributable to his Employer.

Accordingly, we find the Commission's decision is not supported by substantial and competent evidence and grant Employer's appeal. Finding the substantial evidence demonstrates Claimant voluntarily quit his employment without good cause attributable to his Employer, Claimant is disqualified from receiving unemployment compensation benefits.

### III. Conclusion

The Commission's decision is reversed.

_____

ROY L. RICHTER, Presiding Judge

Clifford H. Ahrens, J.,  and
Gary M. Gaertner, Jr., J., concur.