## United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1934
_____

Deepali Tukaye

*Plaintiff - Appellant*

v.

Matt Troup, Individually and in his Official Capacity as CEO of Conway Regional Medical Center; City of Conway; Health Facilities Board, (of Conway Regional Medical Center); John Doe, #1

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 16, 2025
Filed: November 4, 2025
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Deepali Tukaye sued Matt Troup, the City of Conway, the Health Facilities Board (of Conway Regional Medical Center), and John Doe #1 for tortious interference with contract, violations of due process, and employment

discrimination. The district court[1] dismissed the complaint with prejudice for failure to state a claim. It also denied Tukaye's motion to alter or amend the judgment and amend her complaint. Tukaye appeals and we affirm.

## I.    BACKGROUND

Because this case comes to us on a motion to dismiss, we "accept[] as true all factual allegations and view[] them in the light most favorable to the non-moving party." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 961-62 (8th Cir. 2023). Deepali Tukaye, an Indian cardiologist, was employed by Jack Stephens Heart Institute ("Jack Stephens"), which had a contract with Conway Regional Medical Center ("Conway Regional") to provide it with cardiologists. Through this arrangement, Jack Stephens placed Tukaye at Conway Regional.

While working at Conway Regional, Tukaye complained about the quality of health care being provided by a white cardiologist. After Tukaye raised her concerns, Conway Regional Chief Executive Officer Matt Troup threatened to terminate Jack Stephens's contract with Conway Regional if Tukaye was not reassigned to a different facility. Jack Stephens did not reassign Tukaye, so she provided Jack Stephens with her "notice to leave." After Tukaye provided her notice to leave, Troup renewed Conway Regional's contract with Jack Stephens.

Tukaye then sued Troup, the City of Conway, the Health Facilities Board (of Conway Regional Medical Center), and John Doe #1, a stand-in for Conway Regional's liability insurer. In her complaint, Tukaye alleged causes of action for tortious interference with a contract, violations of due process, and employment discrimination. After Troup moved to dismiss the complaint and the City and Health Facilities Board answered, Tukaye filed an amended complaint alleging the same causes of action. Troup, the City of Conway, and the Health Facilities Board moved

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

to dismiss the amended complaint for failure to state a claim. The City also moved to dismiss for lack of personal jurisdiction.

The district court granted the motions and dismissed Tukaye's amended complaint with prejudice. Tukaye subsequently moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) seeking leave to file a second amended complaint, which the district court denied. Tukaye appeals both the dismissal of her complaint and the denial of her Rule 59(e) motion.

## II. DISCUSSION

We review the district court's dismissal of a complaint *de novo*, Yang, 79 F.4th at 961, and the denial of a Rule 59(e) motion for abuse of discretion. Peterson v. The Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017).

### A. Motion to Dismiss

Tukaye contends the district court improperly dismissed her tortious interference claim when it inferred her "notice to leave" was equivalent to a resignation, and her resignation was a superseding and intervening cause of her harm.[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[2]Tukaye focuses her appeal solely on the district court's dismissal of her tortious interference claim against Troup. She does not challenge the dismissal of her claims against the City of Conway, the Health Facilities Board, or John Doe #1, nor does she challenge the dismissal of her due process and discrimination claims against Troup. "Claims not raised in an opening brief are deemed waived." Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008). We thus limit our analysis to Tukaye's tortious interference claim against Troup.

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim for tortious interference with a contract under Arkansas law, Tukaye must plead sufficient facts to show: (1) a valid contractual relationship existed between herself and Jack Stephens; (2) Troup knew about this contractual relationship; (3) Troup intentionally induced or caused a breach or termination of that contract; and (4) Troup proximately caused Tukaye's harm. Baptist Health v. Murphy, 373 S.W.3d 269, 281, 286 (Ark. 2010); Mason v. Wal-Mart Stores, Inc., 969 S.W.2d 160, 167 n.2 (Ark. 1998) (Glaze, J., dissenting) (noting cases often combine the elements of damages and proximate cause).

Tukaye did not allege that Troup's actions were the proximate cause of her damages. The amended complaint did not allege facts sufficient to plausibly show that Jack Stephens constructively terminated Tukaye's employment because of Troup's actions. Instead, the amended complaint alleged that Tukaye tendered "notice to leave" her employment after she was not reassigned.

Tukaye argues that because the words "resign" and "resignation" do not appear in her amended complaint, the district court should not have inferred that her "notice to leave" was equivalent to a resignation. While Tukaye might not have used the word "resignation," she has not offered an alternative explanation of how her "notice to leave" could be interpreted as anything other than a resignation. The plain meaning of the language used suggests that Tukaye provided notice of her intention to voluntarily leave her employment. Tukaye has not shown the district court erred when it determined Tukaye's actions amounted to a resignation.

"We cannot say that [Tukaye] has become unemployed through no fault of h[er] own since it was [Tukaye's] own action of resignation which . . . resulted in

-4-

h[er] unemployment." Osterhout v. Everett, 639 S.W.2d 539, 540 (Ark. Ct. App. 1982). Tukaye's resignation defeats the essential element of proximate cause required to state a claim for tortious interference with a contract. Accepting her allegations as true, Tukaye's amended complaint fails to state a claim for relief that is plausible on its face.

## B. Post-Judgment Relief

Tukaye contends the district court abused its discretion when it denied her Rule 59(e) motion to alter or amend the judgment and file a second amended complaint. She argues the district court should have considered the five factors governing leave to amend pleadings under Federal Rule of Civil Procedure 15(a), and that consideration of those factors supports the relief sought.

Rule 59 motions are disfavored and "serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (citing United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)). Rule 59 "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. After final judgment, courts may not ignore the Rule 15(a) considerations for amendment of pleadings, "but leave to amend a pleading will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) . . . relief.'" In re SuperValu, Inc., 925 F.3d 955, 961 (8th Cir. 2019) (quoting United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014)).

Tukaye did not identify any manifest error of law or fact justifying relief under Rule 59(e). Nor did she identify any newly discovered evidence that was unavailable to her at the time she filed her original complaint and amended complaint. Instead, Tukaye asserts only that her proposed second amended complaint remedies the deficiencies in her prior pleadings by including additional factual allegations sufficient to survive a motion to dismiss. This is exactly the type of post-judgment

amendment that Rule 59 is designed to prohibit.  See Metro. St. Louis Sewer Dist., 440 F.3d at 934-35 (denying Rule 59(e) motion where evidence was available prior to entry of judgment).

Tukaye had two opportunities to present factual allegations sufficient to state a claim for tortious interference that is plausible on its face.  Each time, she failed to plead sufficient facts.  In such a case, "interests of finality dictate that leave to amend should be less freely available."  United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009).  Because Tukaye failed to meet the Rule 59 standard, the district court did not abuse its discretion by denying her motion to alter or amend the judgment for purposes of filing a second amended complaint.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____